IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CR-46-D
No. 5:23-CV-309-D

| | |
|---|---|
| WILLIAM HENRY HORNE, IV, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

On June 5, 2023, William Henry Horne, IV ("Horne" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 71-month sentence [D.E. 48, 51]. On August 3, 2023, the government moved to dismiss [D.E. 55] and filed a memorandum in support [D.E. 56]. On August 7, 2023, the court notified Horne of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 57]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On September 18, 2023, Horne responded in opposition [D.E. 59]. As explained below, the court grants the government's motion to dismiss and dismisses Horne's motion to vacate.

I.

On April 7, 2021, Horne pleaded guilty to possession of a firearm and ammunition by a convicted felon (count one). See [D.E. 1, 22]. On July 6, 2021, the court held Horne's sentencing hearing. See [D.E. 33]. The court adopted the facts as set forth in the Presentence Investigation Report ("PSR") and resolved Horne's objections. See PSR [D.E. 29] ¶¶ 6–8; Sent. Tr. [D.E. 53] 4–13; Fed. R. Crim. P. 32(i)(3)(A)–(B). Horne's counsel argued that: (1) the characterization of the incident was inaccurate; (2) a six-level enhancement under U.S.S.G. §3A1.2(c)(1) was inappropriate

and a two-level enhancement under U.S.S.G. §3C1.2 was appropriate; and (3) an upward departure under U.S.S.G. §4A1.3 was inappropriate. See Sent. Tr. 4–12. The court declined to apply section 3C1.2 or upwardly depart under section 4A1.3. See id. 12. The court calculated Horne's total offense level to be 21, his criminal history category to be IV, and his advisory guideline range to be 57 to 71 months' imprisonment. See id. at 13. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Horne to 71 months' imprisonment. See id. at 25–29.

On January 26, 2022, Horne moved to reduce his sentence. See [D.E. 39]. On February 4, 2022, the court denied his motion. See [D.E. 40]. On March 30, 2022, Horne appealed. See [D.E. 41]. On May 2, 2023, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See [D.E. 45] 2.

On June 5, 2023, Horne moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 71-month sentence [D.E. 48, 51]. See Houston v. Lack, 487 U.S. 266, 275–76 (1988). In Horne's motion, he argues: (1) that his counsel was ineffective by failing to see him, return his calls, and return his parents' calls so he could file an appeal; and (2) that the sentencing enhancements were improper. See [D.E. 51] 4–5; [D.E. 58] 2–3. The government moves to dismiss Horne's motion for failure to state a claim upon which relief can be granted. See [D.E. 55].

II.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus,

2

551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013); United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

Horne's motion is untimely. Section 2255(f) contains a one-year statute of limitations. See 28 U.S.C. § 2255(f). Section 2255(f) provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2255(f)(1)–(4); see Johnson v. United States, 544 U.S. 295, 299–300 (2005); Whiteside v. United States, 775 F.3d 180, 182–83 (4th Cir. 2014) (en banc). As for section 2255(f)(1), Horne's

3

conviction became final on July 26, 2021, 14 days after the final judgment was entered in his case on July 12, 2021. See Clay v. United States, 537 U.S. 522, 525 (2003). Therefore, Horne had until July 26, 2022, to timely file his section 2255 motion. Horne, however, did not file his motion to vacate until June 5, 2023, over 10 months later. See [D.E. 48]. Horne acknowledges that his section 2255 motion is untimely, but he asks the court for equitable tolling of the statute of limitations. See [D.E. 58] 1.

Section 2255(f) is subject to equitable tolling, but nothing in the record suggests that equitable tolling should apply. See Holland v. Florida, 560 U.S. 631, 649–54 (2010); Whiteside, 775 F.3d at 184–86; Rouse v. Lee, 339 F.3d 238, 246–47 (4th Cir. 2003) (en banc). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quotation omitted); see Holland, 560 U.S. at 649–54. Horne argues that restricting access to law libraries due to COVID-19 lockdowns creates extraordinary circumstances. See [D.E. 58] 1. Even before the pandemic, however, restricted access to law libraries alone was not a basis for equitable tolling. See, e.g., Finch v. Miller, 491 F.3d 424, 427 (8th Cir. 2007); Sosa, 364 F.3d at 512–13; Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003); Harris v. Hutchinson, 209 F.3d 325, 330–31 (4th Cir. 2000); Fisher v. Johnson, 174 F.3d 710, 714–15 (5th Cir. 1999). Moreover, Horne successfully filed numerous other documents, motions, and even a different appeal during the appeal period. See [D.E. 36, 37, 38, 39, 41]. Similarly, Horne's arguments for equitable tolling fail to allege either extraordinary circumstances or that some external impediment prevented him from timely filing his motion. See, e.g., Holland, 560 U.S. at 649–54; Whiteside, 775 F.3d at 184–86; Booker v. Clarke, No. 3:21cv212, 2022 WL

4

464554, at *3–4 (E.D. Va. Feb. 12, 2022) (unpublished) (rejecting a request for equitable tolling when COVID-19 restrictions deprived a prisoner of physical access to the law library). Thus, the court dismisses as untimely Horne's section 2255 motion.

After reviewing the claims presented in Horne's motion, the court finds that reasonable jurists would not find the court's treatment of Horne's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 55], DISMISSES petitioner's motion to vacate [D.E. 48, 51], and DENIES a certificate of appealability.

SO ORDERED. This 24 day of October, 2023.

JAMES C. DEVER III
United States District Judge