IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CR-46-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WILLIAM HENRY HORNE, IV, | ) | |
| | ) | |
| Defendant. | ) | |

On October 16, 2023, William Henry Horne, IV ("Horne" or "defendant"), a federal inmate, moved pro se seeking a modification of his recidivism assessment. See [D.E. 60]. The court construes this motion as a 28 U.S.C. § 2241 motion and directs the clerk to open the case with a copy of the motion and this order.

Horne was sentenced in this district. See [D.E. 33, 53]. The Bureau of Prisons assesses an inmate's risk of recidivism pursuant to The Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN"). See 18 U.S.C. § 3632; see, e.g., King v. Joseph, No. 2:23-01847, 2023 WL 6626630, at *2 (D.S.C. Sept. 14, 2023) (unpublished), report and recommendation adopted, 2023 WL 6626160 (D.S.C. Oct. 11, 2023) (unpublished); Banks v. Warden, USP Lee, No. 7:22-CV-00516, 2023 WL 5500834, at *2 (W.D. Va. Aug. 25, 2023) (unpublished). Accordingly, Horne's claim arises under 28 U.S.C. § 2241.

Horne is confined at the Federal Correctional Complex – United States Penitentiary II in Coleman, Florida. See [D.E. 60-1] 1. Proper venue for filing a section 2241 petition is in the district where a petitioner is confined. See 28 U.S.C. § 2241(a); In re Jones, 226 F.3d 328, 332 (4th Cir. 2000), abrogated on other grounds by Jones v. Hendrix, 599 U.S. 465 (2023). The court has

discretion to transfer a civil action if it is in the interest of justice or to dismiss it without prejudice. See 28 U.S.C. § 1631; Dragenice v. Ridge, 389 F.3d 92, 97 (4th Cir. 2004).

The court DIRECTS the clerk to open a case with a copy of Horne's motion [D.E. 60] and this order. In the interest of justice, the court TRANSFERS the action to the United States District Court for the Middle District of Florida where venue is proper. The court has not required Horne to refile his petition on the prescribed form, pay the filing fee, or seek leave to proceed in forma pauperis. The court also has not determined whether Horne should be advised of the Antiterrorism and Effective Death Penalty Act's restrictions on second or successive petitions. Cf. Castro v. United States, 540 U.S. 375, 377 (2003); Farkas v. Butner, 972 F.3d 548, 555 (4th Cir. 2020). The Middle District of Florida is better positioned to address those issues.

SO ORDERED. This 24 day of October, 2023.

JAMES C. DEVER III
United States District Judge